Margaret D. Fort, as Administratrix of the Goods, Chattels and Credits of Frank A. Fort, Deceased, Raymond N. Fort and Charles H. Fort, as Administrators of the Goods, Chattels and Credits of Clarence V. Fort, Deceased, and Raymond·N. Fort and Charles H. Fort, Plaintiffs, *v.* The Globe and Rutgers Fire Insurance Company, Defendant.

(Supreme Court, Albany Trial Term, February, 1918.)

Insurance (fire) — reformation of policy of — actions — condemnation proceedings — title — statutes — stipulation — municipal corporations.

Where by the mistake of the insurer's agent, though he was told the names of all the persons interested in the property and what their respective interests were, the name of the life tenant, as owner, was written in a policy of insurance covering a building on the property devised, and the remaindermen and their attorney, all of whom were consulted as to the insurance before the policy was issued, failed to see to it that it was properly written, there can be no reformation of the policy on the ground of mutual mistake.

In an action to recover on the policy for damage by fire to the building it appeared that the title to the devised property was just the same as it was when the policy was issued, because, though before the fire the property had been taken by the city for a public use and a certified copy of the order of confirmation of the award made to the owners had been recorded in the proper county clerk's office as required by the statute applicable in the condemnation proceedings, it was not until sometime after such recording that the fire occurred and subsequently thereto a trustee appointed for the purpose of receiving the proceeds of the award for the benefit of those interested therein. *Held,* that as the title to the property had not passed to the city and it had not before the fire entered upon the property as owner and was not entitled so to do under the statute, a contention that there had been a forfeiture· of the policy because of a change in the title, interest or possession of the insured building resulting in the order of con-

firmation of the award made in the condemnation proceeding, was untenable.

A contention that because of a written stipulation, entered into by all the parties in interest, providing, in substance, for the distribution of $95,000, the amount of the award, made in the condemnation proceeding and an order entered thereon whereby in the event that the insurer was held to the extent of $10,000, the amount of the insurance, the city should be released from the payment thereof on account of the award, the defendant's right of subrogation was impaired and, therefore, plaintiffs were not entitled to recover, *held* untenable, defendant having refused to pay the amount of the policy and no claim being made that the city in any way was responsible for the fire.

ACTION tried before the court without a jury.

Joseph A. Murphy, for plaintiffs.

Cardozo & Nathan (Michael D. Cardozo, Jr., and Charles B. Sullivan, of counsel), for defendant.

RUDD, J.   Since the taking of the testimony two of the parties plaintiff died and the failure for some time to revive the action in the names of their legal representatives has caused some delay in the final submission of the issues.

The action is brought to reform a policy of fire insurance issued by the defendant for the sum of $2,500, covering. a building located in the city of Albany, devised under the will of Peter V. Fort, deceased, to Frank A. Fort, Raymond N. Fort, Charles H. Fort and Clarence V. Fort, giving to Frank A. Fort a life interest and to the others the remainder.

Under the will of Peter V. Fort, Frank A. Fort was charged with the keeping of the property insured as against fire.

The real estate in question was involved in a condemnation proceeding brought by the city of Albany,

which resulted in the appointment of commissioners to award just compensation to the owners for the taking of the premises for public use.

The report of the commissioners fixing the amount of the award was confirmed at the Special Term, by an order entered and recorded in the Albany county clerk's office on September 27, 1913.

In July, 1912, Frank A. Fort, who had a life estate in the premises, went to the office of the agent of the defendant insurance company to secure policies of insurance upon the property, requesting the defendant's agent Dolan to issue policies in the aggregate amount of $20,000.

At the time that this request was made Raymond N. Fort, one of the plaintiffs, told the agent Dolan that it was the duty of Frank A. Fort to keep the property insured for the benefit of himself and the remaindermen; and he further told him that he, Raymond N. Fort, had threatened Frank A. Fort with legal proceedings if he failed to keep the property insured.

The agent Dolan was at that time also told by Frank A. Fort the names of the persons interested in the property, and what their respective interests were.

Plaintiffs requested their attorney, Mr. Joseph A. Murphy, to attend at the office of the agent Dolan, and Mr. Dolan and Mr. Murphy talked concerning the persons interested in the property and the amount of the insurance, and this talk was had in the presence of Frank A. Fort and Raymond N. Fort.

Mr. Murphy told the agent Dolan that the obligation was upon Frank A. Fort to pay the premiums and that as his attorney he would see that the premiums were paid.

It was finally arranged that Mr. Dolan, as agent, would issue $10,000 of fire insurance in companies which he represented, one of which was the defendant

in this action, and thereafter and on the 24th day of July, 1912, policy No. 48737 for $2,500 was issued for one year.

This policy was delivered at the office of Mr. Murphy, in which was written as the insured the name of Frank A. Fort. The premium was paid.

In the month of July, 1913, one year thereafter, the defendant issued policy No. 95728 covering the same premises for the same amount, written in the name of Frank A. Fort, which policy was also delivered at Mr. Murphy's office.

The premium on the second policy was paid; both policies were kept by Mr. Murphy with other papers belonging to Frank A. Fort, who did not see either policy until October, 1913, and the plaintiff Raymond N. Fort never saw either policy until the same time.

On the 7th day of October, 1913, a fire occurred. The policy involved in this action, the one issued in July, 1913, No. 95728, was outstanding at the time of the fire in the name of Frank A. Fort.

Within sixty days after the date of the fire, proofs of loss were made by the plaintiffs and sent to the insurance company. These proofs were returned and the defendant refused to go to the expense of making an appraisal upon the loss, and refused to pay any part of the loss, for the reasons that:

I. The property was not insured in the name of the true owner.

II. The title to the property had passed from the insured and the owners upon and by the order of confirmation made in the condemnation proceedings on the 26th day of July, 1913, and that at the time of the fire, October 7, 1913, the insured or owners mentioned in the policies were without an insurable interest and that the policies were void.

This action seeks a reformation of the policy by

inserting therein the names of the owners of the premises instead of the name of Frank A. Fort, and seeks to recover the amount of the insurance, $2,500.

The answer of the defendant sets up that the policy was void because of the failure on the part of the insured to correctly state the interest of the insured; that the title to the property had passed to the city of Albany upon the confirmation of the report of the commissioners in the condemnation proceeding and that the insurer, the defendant, is entitled to be subrogated to the rights of the insured as against the city of Albany, to the extent of the amount which the defendant may be obliged to pay under the policy involved herein.

The amount of the damage sustained by the fire was $11,181.92. The insurance outstanding, covered by four policies, one of which is here in question, aggregated $10,000.

Considering first the question of the reformation. The policy cannot be reformed, as sought by plaintiffs, unless the insertion of the name of Frank A. Fort in the policy as the owner of the premises, and as such having an insurable interest therein, was the result of a mutual mistake.

The words "mutual mistake," in the rule that equity will reform contracts therefor, mean a mistake shared by both parties and such mistake generally relates, as here, to a mistake concerning the contents of a written instrument.

The evidence shows that when the parties sought insurance from the defendant, through defendant's agent Dolan, whose counter-signature of the policy was necessary in order to give it force and validity, certain of the plaintiffs had the title to the property, subject to the life estate of Frank A. Fort; that had been the subject of conversation as testified by

Dolan; and, more than that, Dolan had known of the relations of these parties for many years.

The mistake on the part of Dolan, the agent of the company, was in causing the insurance contract to be written in the name of Frank A. Fort instead of in the names of all the parties in interest.

The mistake on the part of the plaintiffs, and the attorney representing them, was in not seeing that the policy was properly written.

The policy here involved was issued and accepted on and after the expiration of the first policy written, and, while it is not a renewal policy in the sense sometimes used, it is in effect the same contract of insurance continued between the same parties, at the same rate, upon the same property, for another year, and grows out of what was said by and between the parties resulting in the issuance of the first policy.

If the form in which the policy was written was the result of a mutual mistake, equity requires that it should in that regard be reformed. It seems clear that there was no fraud perpetrated or attempted. It was a transaction in absolute good faith. Frank A. Fort was trying to carry out the obligation upon him as a life tenant to keep the property, which he was enjoying during his life, insured for the benefit of those who would take it upon the expiration of the life tenancy. The remaindermen had, or could have, no object in having the policy written in the name of the life tenant, and the insurance company could gain nothing by having the policy written in the name of one who might not have an insurable interest. The company received its premium and it must be assumed was quite willing to take the risk.

While the plaintiffs are bound to prove that it was the intention of the insurance company to have the policy read as it should have read, such an inference

clearly may be had from the testimony which was given with reference to what was said concerning the ownership of the property when the policies were sought, and while no conversation took place at the time of the issuance of the policy here in question, still the error in the issuance of the second policy was the result of an error on the part of both parties when the first and original policy was issued, of which this policy is but a continuation as to obligation, in form, and a duplicate of the first.

The mistake was a continuing one, and if it was such as would have justified, in equity, the reformation of the first insurance contract, represented by the policy issued in July, 1912, it is certainly one for which the form of the second policy, the one now in question, is responsible.

It was not such a situation as justified the defendant, through its agent, in assuming that the second policy must be correct in form because no objection had been made to the first. The defendant's agent did not write the contract in the form in which he was told to write it, although he knew what the proper form should have been, and the plaintiffs did not discover the error until the loss had occurred, against which the insurance was placed.

The defendant contends that, even if the policy should be reformed, plaintiffs are not entitled to recover, because there had been a forfeiture of the policy before the fire.

This forfeiture, the defendant submits, came about through a change in the title, interest or possession of the subject of the policy, that is of the building insured, through and resulting from the order confirming the award made by the commissioners in condemnation.

The property was taken by the city of Albany under

chapter 298 of the Laws of 1883. Sections 7 and 8 of that chapter (title XVII) are controlling as to when and how the title passes.

Section 7, in substance, provides that the report of the commissioners shall be presented to the Supreme Court at a Special Term in the third judicial district, after notice, and that the court shall thereupon confirm the report and make an order of confirmation containing a recital of the substance of the proceedings in the matter of the application and a description of the real estate appraised, for which compensation is to be made.

Section 8, in substance, provides that a certified copy of the order of confirmation shall be recorded at full length in the clerk's office of Albany county, and thereupon *and upon payment or deposit of the sum to be paid as compensation* the city of Albany shall be entitled to enter upon and be seized of the fee of the real estate so taken, as aforesaid, for public use.

The order of confirmation was made July 26, 1913. A certified copy of the order was on the 27th of September, 1913, recorded in the clerk's office of Albany county, but no part of the compensation was paid at that time to the owners of the property, nor was any deposit thereof made as required by the statute.

The fire was October 7, 1913. The owners of the property collected the rents for October, November and December, 1913, and it was not until January, 1914, that the compensation or award fixed by the commissioners was paid to the Union Trust Company for the benefit of those interested therein. In fact the Union Trust Company was not appointed a trustee for the purpose of receiving the proceeds of the award until December 13, 1913, so that the title had not passed to the city of Albany, and the city was not seized of the property and was not entitled to enter

therein, nor had it entered upon the property as owner before the date of the fire.

The title at the time of the fire, October 7, 1913, was just the same as it was when the policy of insurance was issued.

The defendant further contends that plaintiffs are not entitled to recover because they have impaired the defendant's right of subrogation.

This alleged impairment, it is claimed, grows out of a stipulation and an order of this court made on the 29th day of December, 1913, which order, based upon a written stipulation of all the parties in interest, provides in substance for the distribution of the amount of the award of the commissioners for the property taken. The award amounted to $95,000.

The order recited the confirmation of the award; that the title had not as yet passed to the city of Albany, but remained in the persons to whom it was devised under the will of Peter V. Fort; that a fire had occurred partially destroying the building and damaging it to the extent of upwards of $10,000, the exact amount of which damage had not as yet been determined; that the city of Albany was unwilling to pay the amount so awarded for the premises in their damaged condition, the award having been made prior to October 7, 1913, when the fire occurred; that there were certain unpaid taxes and assessments against the premises; that the city stood ready to pay the amount of the award, $95,000, less such a sum as would represent the loss and damage to the premises by the fire, after deducting in addition to such loss and damage the sum sufficient to pay the unpaid taxes and assessments; and it was ordered that there should be paid into court the sum of $10,000, to be retained until the amount of the damage to the property by reason of the fire of October 7, 1913, should be ascertained;

that when the amount of the damage shall have been collected upon the insurance policies outstanding such amount shall be regarded as the extent of the damage to the property, and that amount should be deducted from the aforesaid sum of $10,000 and returned to the city; but that in case the insurance companies, or either one of them, should successfully resist payment of such insurance, then the order was to be without prejudice to further application by said claimants upon due notice to the city for the payment and distribution of said sum of $10,000; that the balance of the award of $95,000, after deducting these items, should be paid to the trustees, who should receive and administer the same under the terms of the last will and testament of Peter V. Fort.

The defendant contends that because of this stipulation and this order, whereby in the event that the insurance companies are held to the extent of the insurance, $10,000, that thereby the city of Albany should be released from the payment of $10,000, on account of the award, that thus the defendant's right of subrogation has been impaired.

The defendant would be entitled to subrogation under its policy if the company claimed that the fire was caused by the neglect of any person. Then upon payment of the loss the fire insurance company would be subrogated, to the extent of such payment, to a right of recovery by the insured against the party causing the loss for the amount thereof.

The company has not paid, or offered to pay; the company has refused to pay.

It is not claimed that the city of Albany in any way has caused a loss to the insurance company under its policy. The city is not responsible for the fire.

The defendant's claim of subrogation means that if the companies, under the policies outstanding, are

38

called upon to pay to the owners of the property $10,000, a part of the actual damage to the property by the fire, then the fire insurance companies should be entitled to recover the $10,000 from the city of Albany, the amount now held under the order of the court out of the award of the commissioners.

That is, the city would pay the full amount of the compensation awarded by the commissioners, amounting to $95,000, for property which had been damaged while in the ownership and possession of these plaintiffs to the extent of $10,000; the fire insurance companies carrying the fire risks under contracts for which premiums had been duly paid being relieved from all financial obligation.

The owners would be paid, the city would get $85,000 worth of property, for which it would be obliged to pay $95,000, and the fire insurance companies carrying the risks would be relieved.

That does not seem to be equity.

Subrogation rests on the principle of equity; it is not founded on contract; it is enforced for the purpose of accomplishing the ends of substantial justice. Resting as it does upon equitable grounds it will not be enforced against superior equities.

There is no ground for just criticism of the stipulation made between the parties whereby $10,000 of the award is retained pending the determination of the question of the liability of the insurance companies under their policies, and that in the event that the companies are held liable to the amount of $10,000 then the sum thus retained should be deducted from the amount which the city should pay to the owners of the property under the award.

The owners should not be paid both by the city and by the insurance companies, and the city should not pay for property which was destroyed and which

did not exist prior to the title of the property passing to the city of Albany.

Findings may be made upon which judgment may be entered in accordance with the demands of the plaintiffs in the complaint herein.

Judgment accordingly.