MARGARET D. FORT, as Administratrix, etc., of FRANK A. FORT, Deceased and Others, Respondents, *v.* THE GLOBE AND RUTGERS FIRE INSURANCE COMPANY, Appellant.

Third Department, January 8, 1919.

**Insurance — fire insurance — statute limiting right of insurer to subrogation — when agreement of insured with municipality which condemned property is not prejudicial to insurer's right to subrogation.**

Section 121 of the Insurance Law as it stood in 1913, which provided for subrogation to the rights of the insured only in case a fire was caused by the act or neglect of any person or corporation, must be construed to mean that the legislative purpose was that such right of subrogation should not be exercised save in the specific instance, and especially so as the violation of said statute was made a misdemeanor by the Penal Law.

Where, prior to a fire which destroyed a building, the property had been taken by eminent domain, and all parties in interest entered into a written stipulation providing that if the insurer were held to the amount of the insurance, the condemnor, a city, should be released from the payment of that amount on account of the award made to the insured, the insurer when sued upon the policy cannot resist payment upon the theory that the arrangement with the city was prejudicial to the defendant's right of subrogation.

*It seems,* however, that the court might direct subrogation if it can be done without prejudice to the insured, who is not entitled to double compensation.

APPEAL by the defendant, The Globe and Rutgers Fire Insurance Company, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of Albany on the 23d day of March, 1918, upon the decision of the court after a trial before the court without a jury.

*Cardozo & Nathan* [*Edgar J. Nathan* and *Raymond Reubens* of counsel], for the appellant.

*Joseph A. Murphy* [*Daniel J. Dugan* of counsel], for the respondents.

COCHRANE, J.:

This is an action on a fire insurance policy. The facts are fully stated in the opinion of Mr. Justice RUDD at Trial Term (102 Misc. Rep. 584). We concur in his opinion except that we think the argument that the plaintiffs have impaired the defendant's right of subrogation should be answered differently. Section 121 of the Insurance Law at the time this policy was issued (Consol. Laws, chap. 28 [Laws of 1909, chap. 33], § 121, as amd. by Laws of 1913, chap. 181) required a standard fire insurance policy containing definite agreements and conditions and provided that " no other or different provision, agreement, condition or clause shall be in any manner made a part of such contract or policy or indorsed thereon or delivered therewith, except as follows " (the exceptions not being here material). A violation of this statute was made a misdemeanor. (Penal Law, § 1193.) The policy in this case complying of course with the requirements of the statute provides for subrogation if it is claimed that the fire was caused by the act or neglect of any person or corporation and provides for subrogation in no other case. The right of subrogation may rest on equitable principles and not necessarily in contract. But when as here the Legislature specifically declares in effect that such right may be made the subject of contract in one particular instance and in no other and makes it criminal to contract for the right of subrogation in other respects it is reasonably clear that the legislative purpose was that such right of subrogation should not be exercised save in the specified instance. It would have been a crime for the

defendant to insert in this policy a provision giving it the right which it now asserts as a defense to this action. (*Gough* v. *Davis,* 24 Misc. Rep. 245; *Gough* v. *Selvage,* Id. 763.) It does not necessarily follow that an insured may have double compensation. It may be that the court may direct subrogation if it can be done without prejudice to the insured, but subrogation implies payment and the insured should first receive single compensation before the insurer can ask for subrogation or claim that the insured has not been damaged. In this case it is true the defendant claims that the acts of the plaintiffs have made subrogation useless. The case is quite exceptional. By a fortuitous circumstance an award in a condemnation proceeding by the city of Albany had been made and confirmed shortly prior to the fire. That circumstance may perhaps have been beneficial to the plaintiffs. It certainly was not detrimental to the defendant. As far as the defendant is concerned the situation is no different than it would be if the award had not been made until after the fire or if there had been no condemnation proceeding, and the effort of the defendant to turn this chance incident to its benefit does not constitute a very strong appeal to the equitable consideration of the court. No fraud on the part of the plaintiffs or collusion between them and the city is suggested. The most that can be said is that the plaintiffs in ignorance of the rights of themselves and of the other parties concerned made an arrangement with the city prejudicial to the defendant's right of subrogation. It may very well be that the purpose of the statute was to protect an insured party in just such a situation as is here presented. But whatever the purpose we think the statute does not permit the defeat of the policy by the defense here asserted. We express no opinion as to whether independently of the statute the defendant could successfully resist payment of the policy. A pertinent discussion bearing on that question may be found in Richards on Insurance Law (3d ed.), sections 54 *et seq.* including footnotes.

The judgment is, therefore, affirmed, with costs.

Judgment unanimously affirmed, with costs; JOHN M. KELLOGG, P. J., concurring in result.